# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

ELIAN GONZALEZ, a minor, by and
through, LAZARO GONZALEZ,
as next friend, or, alternatively,
as temporary legal custodian,

      Plaintiffs,

**CIV - KING**

CASE NO.:

**00 - 0206**

v.

MAGISTRATE JUDGE
O'SULLIVAN

JANET RENO, Attorney General of the
United States; DORIS MEISSNER, Commissioner,
United States Immigration and Naturalization
Service; ROBERT WALLIS, District Director,
United States Immigration and Naturalization
Service;  UNITED STATES
IMMIGRATION AND NATURALIZATION
SERVICE; and UNITED STATES
DEPARTMENT OF JUSTICE,

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND PETITION
## FOR WRIT OF MANDAMUS

Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and

through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian,

sue Defendants, Janet Reno, Attorney General of the United States;  Doris Meissner,

Commissioner, United States Immigration and Naturalization Service ("INS");  Robert

Wallis, District Director, INS;  United States Immigration and Naturalization Service;  and

the United States Department of Justice (collectively, the "Defendants") and allege as

follows:

1.     This is an action seeking injunctive relief precluding Defendants from returning Elian Gonzalez to Cuba until Defendants abide by their own rules and regulations and adjudicate his applications for political asylum as required by 8 U.S.C. §1158, 8 C.F.R. §208.9 and  8 C.F.R. §208.14.  This action is also a petition for the issuance of a writ of mandamus compelling Defendants to abide by their own rules and regulations as such are set forth in 8 U.S.C. §1158, 8 C.F.R. §208.9 and  8 C.F.R. §208.14.

## I.     PARTIES

2.     Plaintiff, Elian Gonzalez, is a six year old native and citizen of Cuba who presently resides in Miami, Miami-Dade County, Florida as a paroled alien.

3.     Plaintiff, Lazaro Gonzalez is a resident of Miami-Dade County, Florida and is suing as next friend, pursuant to Fed.R.Civ.P. 17(c), or, alternatively, as temporary legal custodian, of Elian Gonzalez, a minor.

4.     Defendant, Janet Reno, is being sued in her official capacity as the Attorney General of the United States.

5.     Defendant, Doris Meissner, is being sued in her official capacity as the Commissioner of the United States Immigration and Naturalization Service.

6.     Defendant, Robert Wallis, is being sued in his official capacity as the District Director of the United States Immigration and Naturalization Service for the District of Florida.

7.     Defendant, United States Immigration and Naturalization Service, is an agency of the United States and is being sued as the agency responsible for the enforcement of the Immigration and Nationality Act ("INA").

8.      Defendant, U.S. Department of Justice, is a department of the United States and is being sued as the department responsible for enforcing the Immigration and Nationality Act ("INA").

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346, 28 U.S.C. § 1361, and 28 U.S.C. § 2201.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred.

11.     Venue also properly lies within the Southern District of Florida pursuant to 28 U.S.C. §1402(a)(1) because it is the judicial district where Plaintiffs reside.

12.     All conditions precedent to bringing this lawsuit, if any, have been performed, waived, excused, or have otherwise occurred.

## III.      STATEMENT OF THE FACTS

13.     On December 6, 1993, Elian Gonzalez was born to Juan Miguel Gonzalez and Elizabeth Gonzalez in Cuba.  Throughout his childhood, Elian lived with his mother.

14.     Since 1997, Elian and his mother lived with his stepfather Lazaro Munero. Mr. Munero was imprisoned in Cuba in early 1998 and also, on or about, October, 1998 through December 25, 1998 for actions which demonstrated his opposition to the Cuban regime..  Because of this, on several occasions,  Elian's mother was interrogated by the Communist Party and her loyalty to the Communist Party was challenged.    The

persecution suffered compelled Lazaro Munero, Elizabeth Gonzalez and Elian Gonzalez to flee Cuba.

15.     On or about November 22, 1999, Elian's father and grandfather called Lazaro Gonzalez in Miami and told him that Elizabeth and Elian Gonzalez were on the way to Miami in a boat, and requested that he take care of them in the United States.

16.     On November 25, 1999, two men fishing off the east coast of Florida, near Miami, spotted in the water what appeared to be an inflated automobile tire.   They approached the object and found a then-5-year-old boy, Plaintiff, Elian Gonzalez, literally hanging on to the tire.

17.     As it was later learned, Elian had fled Cuba's communist system with his mother, stepfather, and other relatives and persons, fourteen (14) in all, in a small boat that had capsized between Cuba and the United States.   Elian saw his mother and stepfather, along with most of the remaining persons in the small boat, perish at sea.

18.     The fishermen rescued the boy, contacted the U.S. Coast Guard, and delivered him to the Coast Guard.   The Coast Guard transported Elian to the Joe DiMaggio Hospital in Hollywood, Florida.

19.     As word spread of Elian's rescue at sea, Lazaro and Angela Gonzalez, together with their daughter Maryslesis, went to the hospital to determine whether the boy was their great-nephew.   At the hospital, Lazaro Gonzalez spoke with Elian's father, Juan Miguel Gonzalez, by telephone.   During that conversation, Juan Miguel Gonzalez asked Lazaro Gonzalez to take care of his son, Elian.

20.     Because Elian Gonzalez landed on United States soil without having been admitted and inspected by an immigration official, he is considered an arriving alien.   INS

4

appropriately paroled him into the United States in accordance with his arriving alien status and placed him in the custody of Lazaro and Angela Gonzalez. INS scheduled a deferred inspection for December 23, 1999.

21.     Fulfilling the request of Elian's father, Lazaro and Angela Gonzalez accepted custody of Elian from the INS.

22.     Shortly after Elian's arrival in Florida, Cuba's dictator, Fidel Castro ("Castro"), began to demand publicly that Elian be returned to Cuba. To that effect, Castro arranged for large, state-sponsored demonstrations to take place on the streets of Havana. This included closing down many local schools and places of employment and requiring students and employees to attend the demonstrations, as required by Cuba's totalitarian government. The Cuban government also procured a letter from Elian's father in Cuba, ostensibly requesting that Elian be returned to him, notwithstanding the father's earlier request that the Lazaro and Angela Gonzalez see to it that the boy was properly cared for in the United States.

23.     On December 13, 1999, Lazaro Gonzalez, as a next friend of Elian Gonzalez, filed a petition for asylum on behalf of Elian Gonzalez. The petition included Forms G-28, Notices of Appearance of Counsel on Elian's behalf.

24.     On December 15, 1999, Elian Gonzalez, individually, pursuant to 8 U.S.C. §1158(a)(1) and 8 C.F.R. §208.2 filed a petition for asylum. The petition included Forms G-28, Notices of Appearance of Counsel on Elian's behalf.

25.     To date, neither of the filed petitions for asylum have been returned for incompleteness as such a term is defined by 8 C.F.R. §208.3(c)(3). The required interview pursuant to 8 C.F.R. §208.9(b) has not been scheduled.

26.     On December 22, 1999, the INS postponed the deferred inspection interview of Elian Gonzalez until January 21, 2000 at 9:00 a.m.

27.     On January 5, 2000, without holding an evidentiary hearing and without adhering to statutorily and constitutionally mandated laws and procedures to adjudicate petitions for political asylum, the INS withdrew Elian's petitions for political asylum and withdrew his application for admission with intentions to return Elian to Cuba by January 14, 2000.  True and correct copies of correspondence from INS advising Elian's attorneys and Plaintiff, Lazaro Gonzalez, of these actions are attached hereto as Composite Exhibit "A".  On January 6, 2000, INS returned the applications filed on December 13, 2000 and December 15, 2000, with a letter stating that INS could not accept the asylum applications.  *See* Composite Exhibit "A".

28.     On January 7, 2000, Elian Gonzalez was properly served with a subpoena requiring his testimony before the House Government Reform Committee on February 10, 2000 (hereinafter, the "Subpoena").  A true and correct copy of the Subpoena is attached hereto as Exhibit "B".

29.     On January 7, 2000, Lazaro Gonzalez, as custodian of Elian Gonzalez, a minor, pursuant to Chapter 57, Florida Statutes, filed a Verified Petition for Temporary Custody in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

30.     On January 10, 2000, the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida issued a Temporary Protective Order (the "Temporary Protective Order") which granted Lazaro Gonzalez "such limited legal authority as necessary to preserve the status quo and prevent the child's removal from this jurisdiction

[the State of Florida], including, but not limited to, the authority to assert and protect such rights as the child may have under United States immigration law and to retain counsel to assert and protect such rights." A true and correct copy of the Temporary Protective Order is attached hereto as Exhibit "C".

31.     On January 11, 2000, Lazaro Gonzalez, as the temporary legal custodian of Elian Gonzalez pursuant to the Temporary Protective Order, filed a petition for asylum, on behalf of Elian Gonzalez, with the INS.

32.     On January 12, 2000, Defendant, Janet Reno, Attorney General of the Untied States, advised that the Temporary Protective Order has "no force or effect insofar as INS' administration of the immigration laws is concerned."

33.     On January 13, 2000, the INS refused to accept the application for asylum filed by Lazaro Gonzalez pursuant to the Temporary Protective Order. A true and correct copy of the January 13, 2000 correspondence from the INS informing Elian's attorneys of INS' decision is attached hereto as Exhibit "D".

### COUNT I - REQUEST FOR INJUNCTIVE RELIEF ENJOINING DEFENDANTS FROM VIOLATING THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, repeat the allegations set forth above in paragraphs 1-33 and further state:

34.     This is an action in equity for injunctive relief enjoining Defendants from violating the Fifth Amendment of the United States Constitution (the "Fifth Amendment").

35.     The Fifth Amendment provides, in relevant part, that "[n]o person . . . shall be deprived of life, liberty, or property, without due process of law . . . ."

36.     For purposes of the Fifth Amendment, Elian Gonzalez, a properly paroled alien into the United States, is afforded constitutional protection as all persons within the territorial jurisdiction of the United States.

37.     The right to petition for political asylum is a constitutionally protected right which invokes the guarantee of due process as is the right to have the Defendants abide by their own rules, regulations and policies and for Elian to be represented by counsel. *See, Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 554 (9th Cir. 1990); *Jean v. Nelson*, 727 F.2d 957, 982-83 (11th Cir. 1984); *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1038-39 (5th Cir. Unit B 1982).

38.     Defendants have violated the constitutionally protected due process rights of Elian Gonzalez by depriving him of the right to petition for political asylum.

39.     Defendants have further violated the constitutionally protected due process rights of Elian Gonzalez by refusing to adjudicate the petitions for asylum and withholding of removal filed by and on his behalf as such an action is **required** by 8 U.S.C. §1103(a), 8 U.S.C. §1158(a), 8 U.S.C. §1231(b)(3)(A), 8 C.F.R. §208.3(c)(3) and 8 C.F.R. §208.14(b)(1) & (2).

40.     Defendants have also violated the constitutionally-protected due process rights of Elian Gonzalez by refusing to recognize Elian's right to counsel.

41.     Plaintiffs have no adequate remedy at law to address Defendants' violation of the Fifth Amendment guarantee of due process. But for the present request for

8

35.     The Fifth Amendment provides, in relevant part, that "[n]o person . . . shall be deprived of life, liberty, or property, without due process of law . . . ."

36.     For purposes of the Fifth Amendment, Elian Gonzalez, a properly paroled alien into the United States, is afforded constitutional protection as all persons within the territorial jurisdiction of the United States.

37.     The right to petition for political asylum is a constitutionally protected right which invokes the guarantee of due process as is the right to have the Defendants abide by their own rules, regulations and policies and for Elian to be represented by counsel. *See*, *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 554 (9th Cir. 1990); *Jean v. Nelson*, 727 F.2d 957, 982-83 (11th Cir. 1984); *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1038-39 (5th Cir. Unit B 1982).

38.     Defendants have violated the constitutionally protected due process rights of Elian Gonzalez by depriving him of the right to petition for political asylum.

39.     Defendants have further violated the constitutionally protected due process rights of Elian Gonzalez by refusing to adjudicate the petitions for asylum and withholding of removal filed by and on his behalf as such an action is **required** by 8 U.S.C. §1103(a), 8 U.S.C. §1158(a), 8 U.S.C. §1231(b)(3)(A), 8 C.F.R. §208.3(c)(3) and 8 C.F.R. §208.14(b)(1) & (2).

40.     Defendants have also violated the constitutionally-protected due process rights of Elian Gonzalez by refusing to recognize Elian's right to counsel.

41.     Plaintiffs have no adequate remedy at law to address Defendants' violation of the Fifth Amendment guarantee of due process.   But for the present request for

8

injunctive relief, Plaintiffs have no avenue available to seek administrative or judicial review of Defendants' actions.

42.    Plaintiffs will suffer irreparable injury if Defendants' unlawful actions are not enjoined immediately.

WHEREFORE, for all the foregoing reasons, Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, respectfully request this Court to enter an order 1) declaring that Defendants have violated the due process clause of the Fifth Amendment of the U.S. Constitution; 2) enjoining Defendants from returning Elian Gonzalez to Cuba until Defendants have allowed Elian Gonzalez to invoke his due process rights and apply for political asylum and withholding of removal; 3) enjoining Defendants from returning Elian Gonzalez to Cuba until Defendants have allowed Lazaro Gonzalez as next friend, or, alternatively, as temporary legal custodian, of Elian Gonzalez, a minor, to invoke, on Elian's behalf, Elian's due process rights and apply for political asylum on behalf of Elian; 4) enjoining Defendants from refusing to recognize Elian's right to counsel, including, but not limited to, the representation of undersigned counsel, on Elian's behalf, before the Immigration and Naturalization Service; 5) awarding plaintiffs the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act under Title 28 U.S.C. § 2412;  and 6) granting such other and further relief as the Court deems just and proper.

## COUNT II- REQUEST FOR INJUNCTIVE RELIEF ENJOINING DEFENDANTS
## FROM VIOLATING 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a)

Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, repeat the allegations set forth above in paragraphs 1-33 and further state:

43.     This is an action in equity for injunctive relief enjoining Defendants from violating 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a).

44.     Pursuant to 8 U.S.C. §1103(a), Defendants are charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens.

45.     Pursuant to 8 U.S.C. §1158(a) and (d),

The Attorney General **shall** establish a procedure for an alien physically present in the United States or at a land border or port of entry, irrespective of such alien's status, to apply for asylum, and the alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such an alien is a refugee within the meaning of section 1101(a)(42)(A) of this title. (Emphasis added).

46.     Plaintiff, Elian Gonzalez, is an alien as such a term is defined in 8 C.F.R. §235.2(a) and is physically present in the United States. Plaintiff, Elian Gonzalez, has also properly applied for political asylum.

47.     Defendants have violated 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a) by unilaterally withdrawing petitions for asylum filed by and on behalf of Elian Gonzalez on December 13, 1999 and December 15, 1999 and by withdrawing the petition for asylum

filed by Lazaro Gonzalez, as temporary legal custodian pursuant to the Temporary Protective Order, on January 11, 2000.

48.     Defendants have also violated 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a) by depriving Elian Gonzalez of the right to apply for political asylum.

49.     Defendants have further violated 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a) by refusing to adjudicate Elian's petitions and determine whether Elian Gonzalez is a refugee within the meaning of 8 U.S.C. §1101(a)(42)(A).

50.     Pursuant to 8 U.S.C. §1158(a), the INS **must** adjudicate Elian Gonzalez's application for political asylum before attempting to return him to Cuba.

51.     Plaintiffs have no adequate remedy at law to address the violations committed by Defendants as set forth above.  But for the present request for injunctive relief, Plaintiffs have no avenue available to seek administrative or judicial review of Defendants' actions.

52.     Plaintiffs will suffer irreparable injury if Defendants' unlawful actions are not enjoined immediately.

WHEREFORE, for all the foregoing reasons, Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, respectfully request this Court to enter an Order 1)  declaring that Defendants have failed to comply with 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a);  2)  enjoining Defendants from returning Elian Gonzalez to Cuba until Defendants have fully complied with 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a);  3) enjoining Defendants from continuing to violate 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a) by refusing to recognize the petitions for political asylum filed by and on behalf

of Elian Gonzalez;   4)   enjoining Defendants from continuing to violate 8 U.S.C. §1103(a) by refusing to abide by 8 U.S.C. §1158(a) which requires Defendants to determine whether Elian Gonzalez is a refugee within the meaning of 8 U.S.C. §1101(a)(42)(A);   5)   awarding plaintiffs the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act under Title 28 U.S.C. § 2412;  and 6) granting such other and further relief as the Court deems just and proper.

## COUNT III - REQUEST FOR INJUNCTIVE RELIEF<br>ENJOINING DEFENDANTS FROM VIOLATING 8 C.F.R. §208.9

Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, repeat the allegations set forth above in paragraphs 1-33 and further state:

53.    This is an action in equity for injunctive relief enjoining Defendants from violating 8 C.F.R. §208.9.

54.    Pursuant to 8 U.S.C. §1103(a), Defendants are charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens.

55.    Pursuant to 8 C.F.R. §208.9, "[t]he Service **shall** adjudicate the claim of each asylum applicant whose application is complete within the meaning of §208.3(c)(3) and is within the jurisdiction of the Service." (Emphasis added).

56.    8 C.F.R. §208.3(c)(3) provides that if "[t]he Service has not mailed the incomplete application back to the applicant within 30 days, it shall be deemed complete. An incomplete application is one "that does not include a response to each of the

questions contained in the Form I-589, is unsigned, or is unaccompanied by the required materials specified in paragraph (a) of this section."

57.     The petitions for asylum filed on December 13, 1999, December 15, 1999 and January 11, 2000 have not been mailed back by Defendants because they are incomplete.  As such, the petitions filed on December 13, 1999, December 15, 1999 and January 11, 2000 are complete pursuant to 8 C.F.R. §208.3(c)(3) (hereinafter, the "Completed Petitions for Asylum").

58.     Pursuant to 8 C.F.R. §208.9(a), Defendants are now **required** to adjudicate the Completed Petitions for Asylum.

59.     Defendants have failed to comply with 8 U.S.C. §1103(a) and 8 C.F.R. §208.9(a) by failing to adjudicate Elian Gonzalez' Completed Petitions for Asylum as they are **required** to do once the petitions are complete.

60.     Plaintiffs have no adequate remedy at law to address the violations committed by Defendants as set forth above.  But for the present request for injunctive relief, Plaintiffs have no avenue available to seek administrative or judicial review of Defendants' actions.

61.     Plaintiffs will suffer irreparable injury if Defendants' unlawful actions are not enjoined immediately.

WHEREFORE, for all the foregoing reasons, Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, respectfully request this Court to enter an order 1)  declaring that Defendants have failed to comply with 8 C.F.R. §208.9(a);  2) enjoining Defendants from returning Elian Gonzalez to Cuba until Defendants have fully

complied with 8 C.F.R. §208.9(a); 3) enjoining Defendants from continuing to violate §8 C.F.R. §208.9(a) by refusing to adjudicate the petitions for asylum filed by and on behalf of Elian Gonzalez on December 13, 1999, December 15, 1999 and January 11, 2000 even though such petitions are complete pursuant to 8 C.F.R. §208.3(c)(3); 4) awarding plaintiffs the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act under Title 28 U.S.C. § 2412; and 5) granting such other and further relief as the Court deems just and proper.

### COUNT IV - REQUEST FOR INJUNCTIVE RELIEF ENJOINING DEFENDANTS FROM VIOLATING 8 C.F.R. §208.14(b)

Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, repeat the allegations set forth above in paragraphs 1-33 and further state:

62.     This is an action in equity for injunctive relief enjoining Defendants from violating 8 C.F.R. §208.14(b).

63.     Pursuant to 8 U.S.C. §1103(a), Defendants are charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens.

64.     Pursuant to 8 C.F.R. §208.14(b)(1) & (2), upon adjudicating the petitions for asylum, the asylum officer may "grant asylum in the exercise of discretion to an application who qualifies as a refugee under section 101(a)(42) of the Act [or] [i]f the alien appears to be deportable, excludable or removable under section 240 of the Act, the asylum officer **shall** either grant asylum or refer the application to an immigration judge for adjudication in deportation, exclusion, or removal proceedings." (Emphasis added).

14

65.     Defendants have failed to comply with 8 U.S.C. §1103(a) and  8 C.F.R. §208.14(b)(1) & (2) by ordering Elian Gonzalez's return to Cuba without an adjudication of his petitions for asylum and without referring his applications for asylum to an immigration judge for adjudication in deportation, exclusion, or removal.

66.     Plaintiffs have no adequate remedy at law to address the violations committed by Defendants as set forth above.  But for the present request for injunctive relief, Plaintiffs have no avenue available to seek administrative or judicial review of Defendants' actions.

67.     Plaintiffs will suffer irreparable injury if Defendants' unlawful actions are not enjoined immediately.

WHEREFORE, for all the foregoing reasons, Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, respectfully request this Court to enter an order 1)  declaring that Defendants have failed to comply with 8 C.F.R. §208.14(b)(1) & (2);  2)  enjoining Defendants from returning Elian Gonzalez to Cuba until Defendants have fully complied with 8 C.F.R. §208.14(b)(1) & (2);  3) enjoining Defendants from continuing to violate 8 C.F.R. §208.14(b)(1) & (2) by attempting Elian Gonzalez's return to Cuba without an adjudication on the asylum claim and/or in removal proceedings;  4) awarding plaintiffs the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act under Title 28 U.S.C. § 2412;  and 5) granting such other and further relief as the Court deems just and proper.

## COUNT V - PETITION FOR WRIT OF MANDAMUS

Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, repeat the allegations set forth above in paragraphs 1-33 and further state:

68.    This is an action requesting the issuance of a writ of mandamus compelling Defendants, as the entities charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens, to abide by their own rules and regulations and adjudicate the petitions for asylum filed by and on behalf of Elian Gonzalez.

69.    This Court has jurisdiction to issuance a writ of mandamus pursuant to 28 U.S.C. §1361 which provides that "district courts **shall** have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (Emphasis added).

70.    Defendants are either agencies of the United States or officers and/or employees of the United States. Pursuant to 8 U.S.C. §1103(a), Defendants are charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens.

71.    On December 13, 1999, December 15, 1999 and January 11, 2000, petitions for asylum were filed by and on behalf of Elian Gonzalez.

72.    The petitions for asylum filed on December 13, 1999, December 15, 1999 and January 11, 2000 have not been mailed back by Defendants because they are incomplete. As such, the petitions are complete pursuant to 8 C.F.R. §208.3(c)(3).

73.     Pursuant to 8 U.S.C. §1103(a), 8 C.F.R. §208.3(c)(3), 8 C.F.R. §208.9(a), and 8 C.F.R. §208.14(b)(1) & (2), Defendants are now **required** to adjudicate the petitions for asylum filed by and on behalf of Elian Gonzalez.

74.     Defendants, however, have refused to adjudicate the petitions for asylum filed by and on behalf of Elian Gonzalez and have instead unilaterally withdrawn such petitions.

WHEREFORE, for all the foregoing reasons, Plaintiffs, Elian Gonzalez ("Elian" and/or "Elian Gonzalez"), a minor, by and through, Lazaro Gonzalez, as next friend, or, alternatively, as temporary legal custodian, respectfully request this Court to issue a writ of mandamus directed to Defendants compelling them, as the entities charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens, to 1) nullify their withdrawal of the petitions for asylum filed by and on behalf of Elian Gonzalez on December 13, 1999, December 15, 1999 and January 11, 2000 and 2) adjudicate such petitions for asylum as required by 8 U.S.C. §1103(a), 8 C.F.R. §208.3(c)(3), 8 C.F.R. §208.9(a), and 8 C.F.R. §208.14(b)(1) & (2).

Dated this _19th_ day of January, 2000.

Respectfully submitted,

HACKLEY, BERNSTEIN &
OSBERG-BRAUN, P.L.
Co-Attorneys for Elian Gonzalez
and Lazaro Gonzalez
2875 N.E. 191st Street, PH 1B
Aventura, FL 33180
Telephone: (305) 692-8888
Facsimile: (305) 692-8838

By: _____
    LINDA OSBERG-BRAUN
    Florida Bar No. 0827282
    ROGER A. BERNSTEIN
    Florida Bar No. 0968714

GREENBERG TRAURIG, P.A.
Co-Attorneys for Elian Gonzalez
and Lazaro Gonzalez
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: _____
    BARBARA LAGOA
    Florida Bar No. 966990
    JUDD J. GOLDBERG
    Florida Bar No. 0115924
    ELIOT PEDROSA
    Florida Bar No. 0182443

LAW OFFICES OF SPENCER
EIG
Co-Attorneys for Elian Gonzalez
and Lazaro Gonzalez
420 Lincoln Road, Suite 379
Miami Beach, Florida 33139
Telephone: (305) 672-2770
Facsimile: (305) 672-3770
SPENCER EIG
Florida Bar No. 0162681

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Co-Attorneys for Elian Gonzalez
and Lazaro Gonzalez
701 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-2700
Facsimile:   (305) 789-2793
JOSE GARCIA-PEDROSA
Florida Bar No.  0137115

MIAMI3/GOLDBERGU/183294/3cf$01!.DOC/1/19/00/99999.092583



**U.S. Department of Justice**
Immigration and Naturalization Service

---

Office of the Executive Associate Commissioner          *425 I Street NW*
*Washington, DC 20536*

**ATTACHMENT / EXHIBIT** A

JAN  5 2000

Roger Bernstein
Hackley, Bernstein & Osberg-Braun, Attorneys at Law
Turnberry Plaza
2875 191st Street, Penthouse 1B
Aventura, FL 33180

Spencer Eig
420 Lincoln Road, Suite 379
Miami Beach, FL 33139

Dear Messrs. Bernstein and Eig,

We have received the letters you have sent regarding your claim to represent Elian
Gonzalez and appreciate your meeting with us in Miami on December 20th to discuss this
matter. We understand that you continue to assert that, through his direct consent and the
consent of Lazaro Gonzalez, you represent Elian Gonzalez. After consulting with her legal
advisors and carefully considering this matter, the Commissioner of the INS has made several
determinations, of which I am now prepared to inform you.

The INS has been in direct contact with Juan Miguel Gonzalez-Quintana. Mr. Gonzalez-
Quintana has provided reliable documentation that he is Elian's biological father and that he now
has legal custody of the child under Cuban law. As such, he has the right and obligation to
represent Elian in all legal transactions and acts in which Elian has an interest. Therefore we
have determined that Mr. Gonzalez-Quintana has the authority to speak for his son in
immigration matters. After carefully considering all relevant factors, we have determined that
there is no conflict of interest between Mr. Gonzalez-Quintana and his son, or any other reason,
that would warrant our declining to recognize the authority of this father to speak on behalf of
his son in immigration matters. Further, we took steps to ensure that Mr. Gonzalez-Quintana
could express his true wishes at our interviews with him, and after carefully reviewing the results
of the interviews, we are convinced that he did so.

You and your associates have submitted several Forms G-28, Notice of Entry and
Appearance as Attorney, for Elian. Some of these Forms G-28 were signed by Lazaro Gonzalez
on behalf of Elian. On others, Elian himself has printed his first name. After careful
consideration, we have determined that we cannot recognize any of the Forms G-28 as
authorizing you to represent Elian in immigration matters. Although the INS has placed Elian

Roger Bernstein
Spencer Eig
Page 2

in the physical care of Lazaro Gonzalez, such placement does not confer upon Lazaro Gonzalez the authority to act on behalf of Elian in immigration matters or authorize representation in direct opposition to the express wishes of the child's custodial parent. Further, we do not believe that Elian Gonzalez, who recently turned six years old, has the legal capacity on his own to authorize you to represent him. Finally, Mr. Gonzalez-Quintana has expressly declined to authorize you or your firms to represent Elian. Therefore, the INS cannot recognize you as Elian's representatives.

In our direct conversations with Mr. Gonzalez-Quintana, he has repeatedly informed us of his decision not to assert Elian's right to apply for asylum. You have prepared and submitted asylum applications on Elian's behalf, one of which was signed by Elian. After careful consideration, we have determined that Elian does not have the capacity to apply for asylum without the assistance of his parent. Further, neither the applications you have submitted nor any other information available indicates that Elian would be at risk of harm in Cuba such that his interests might so diverge from those of his father that his father could not adequately represent him in this matter. Therefore, given Mr. Gonzalez-Quintana's decision not to assert Elian's right to apply for asylum, we cannot accept the asylum applications you have submitted on Elian's behalf.

Mr. Gonzalez-Quintana has also repeatedly requested that Elian be returned immediately to his custody in Cuba. We consider this to be a request to withdraw Elian's application for admission to the United States, made by Elian's custodial parent with authority to speak for Elian in immigration matters. Therefore, we have granted Mr. Gonzalez-Quintana's request to withdraw Elian's application for admission to the United States.

We appreciate your cooperation as we considered your claims to represent Elian.

Sincerely,

Michael A. Pearson
Executive Associate Commissioner
for Field Operations



U.S. Department of Justice
Immigration and Naturalization Service

---

Office of the Executive Associate Commissioner          425 I Street NW
                                                        Washington. DC 20536

JAN -- 5 2000

Mr. Lazaro Gonzalez
2319 N.W. 2nd Street
Miami, Florida 33125-5207

Dear Mr. Gonzalez,

We appreciate your cooperation during our consideration of immigration matters relating
to Elian Gonzalez and your meeting with us in Miami on December 20th. After careful
consideration and consultation with her legal advisors, the INS Commissioner has made several
determinations in this case, of which I am now prepared to inform you.

The INS has been in direct contact with Juan Miguel Gonzalez-Quintana. Mr. Gonzalez-
Quintana has provided reliable documentation that he is Elian's biological father and that he now
has legal custody of the child under Cuban law. As such, he has the right and obligation to
represent Elian in all legal transactions and acts in which Elian has an interest. Therefore, we
have determined that Mr. Gonzalez-Quintana has the authority to speak for his son in
immigration matters. After carefully considering all relevant factors, we have determined that
there is no conflict of interest between Mr. Gonzalez-Quintana and his son, or any other reason,
that would warrant our declining to recognize the authority of this father to speak on behalf of
his son in immigration matters. Further, we took steps to ensure that Mr. Gonzalez-Quintana
could express his true wishes at our interviews with him, and after carefully reviewing the results
of the interviews, we are convinced that he did so.

Roger Bernstein and several of his associates, attorneys in Miami, have submitted several
Forms G-28, Notice of Entry and Appearance as Attorney, for Elian. Some of these Forms G-28
were signed by you on behalf of Elian. On others, Elian himself has printed his first name. After
careful consideration, we have determined that we cannot recognize any of the Forms G-28 as
authorizing these attorneys to represent Elian in immigration matters. Although the INS has
placed Elian in your physical care, such placement does not confer upon you the authority to act
on behalf of Elian in immigration matters or authorize representation in direct opposition to the
express wishes of the child's custodial parent. Further, we do not believe that Elian, who
recently turned six years old, has the legal capacity on his own to authorize representation.
Finally, Mr. Gonzalez-Quintana has expressly declined to authorize Mr. Bernstein or his
associates to represent Elian. Therefore, the INS cannot recognize them as Elian's
representatives.

Mr. Lazaro Gonzalez
Page 2

     In our direct conversations with Mr. Gonzalez-Quintana, he has repeatedly informed us of his decision not to assert Elian's right to apply for asylum. Mr. Bernstein and his associates have prepared and submitted asylum applications on Elian's behalf, one of which was signed by Elian. After careful consideration, we have determined that Elian does not have the capacity to apply for asylum without the assistance of his parent. Further, neither the applications you have submitted nor any other information available indicates that Elian would be at risk of harm in Cuba such that his interests might so diverge from those of his father that his father could not adequately represent him in this matter. Therefore, given Mr. Gonzalez-Quintana's decision not to assert Elian's right to apply for asylum, we cannot accept the asylum applications as having been submitted on Elian's behalf.

     Mr. Gonzalez-Quintana has also repeatedly requested that Elian be returned immediately to his custody in Cuba. We consider this to be a request to withdraw Elian's application for admission to the United States, made by Elian's custodial parent with authority to speak for Elian in immigration matters. Therefore, we have granted Mr. Gonzalez-Quintana's request to withdraw Elian's application for admission to the United States.

     Upon his arrival, Elian was temporarily paroled into the United States. Arrangements should now be made within the next nine days for Elian's reunion with his father. It is our hope that you will be able to make arrangements with your nephew to ensure that Elian is returned to him and his immediate family as soon as possible. The INS is prepared to provide whatever assistance would be appropriate. We are also aware that neutral third parties have offered to facilitate Elian's return to Cuba and we are ready to work with them as arrangements are sought.

     We appreciate your family's immediate willingness to care for and comfort Elian after the tragic loss of his mother and stepfather and his ordeal on the high seas. Please be assured that we would be happy to facilitate continuing contact between Elian, his father, and your family. If Elian and his immediate family wished to apply for tourist visas at some point in the future, the Consular Section at the U.S. Interests Section in Havana would, of course, consider them very favorably.

Sincerely,

Michael A. Pearson
Executive Associate Commissioner
for Field Operations



**U.S. Department of Justice**
Immigration and Naturalization Service

---

Office of the Director
*Texas Service Center*

*P.O. Box 851488*
*Mesquite, Texas 75185-1488*

January 6, 2000

Mr. Roger Bernstein
Attorney at Law
Turnberry Plaza
2875 NE 191st St., Penthouse 1B
Aventura, FL 33180

Dear Mr. Bernstein:

The enclosed asylum applications are being returned to you. The INS cannot accept the asylum applications you have submitted on Elian Gonzalez's behalf for the reasons explained in the attached letter from Michael A. Pearson to you.

Sincerely,

James J. Burzynski
Director, TSC

Attach

ATTACHMENT / EXHIBIT B

Subpena to Testify (Hearing)

# By Authority of the House of Representatives of the Congress of the United States of America

To __Elian Gonzalez_____

You are hereby commanded to be and appear before the __Full____ Committee on

__Government Reform_____ of the House of Representatives

of the United States, of which the Hon. __Dan Burton_____ is chairman, in

Room __2154_____ of the __Rayburn_____ Building _____, in the city

of Washington, on __February 10, 2000_____, at the hour of __10:00 a.m._____,

then and there to testify touching matters of inquiry committed to said Committee; and you

are not to depart without leave of said Committee.

To__ James C. Wilson, Chief Counsel_____

to serve and make return.

Witness my hand and the seal of the House of Representatives

of the United States, at the city of Washington, this

_____7th_____ day of __January_____, 19 2000

_____

Chairman.

Attest:

_____

Clerk.

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

FAMILY DIVISION

**ATTACHMENT / EXHIBIT** D

CASE NO:   00-00479   FC 29

LAZARO GONZALEZ, as Custodian of
ELIAN GONZALEZ, a Minor,

      Petitioner,

      vs.

JUAN MIGUEL GONZALEZ-
QUINTANA,

      Respondent.

_____/



## TEMPORARY PROTECTIVE ORDER

    This cause having come before the Court upon Petitioner's Verified Emergency

Ex-Parte Petition for Interim Order ("Petition for Interim Order"), and the Court having

reviewed said Petition, and having carefully studied this matter, makes the following

findings of facts and conclusions of law:

## FACTS

    Petitioner has filed a Verified Petition for Temporary Custody and Other Relief

("Petition for Temporary Custody") under Fla. Stat. §§ 751.01, *et seq.*[1] seeking

_____

    [1] That statute was enacted to "[p]rovide for the welfare of minor children who are
living with extended family. . . . At present, such family members are unable to give
complete care to the child in their custody because they lack a legal document that
explains and defines their relationship to the child, and they are unable effectively to
consent to the care of the children by third parties." Fla. Stat. § 751.01(2).

temporary custody of the minor child, Elian Gonzalez ("Elian") and invoking the

jurisdiction of this Court under Fla. Stat. §§ 61.1308(1)(c) and (d).   Through this

Petition for Interim Order, Petitioner seeks interim custody of Elian pending a full

evidentiary hearing on the Petition for Temporary Custody.

Elian is a six year-old child, born December 6, 1993, who is a citizen of the

Republic of Cuba ("Cuba").  Elian lived in Cuba his entire life before coming to Florida

in November, 1999.  There is no other "state"[2], other than Florida, in which Elian or his

parents have significant connections.

Elian and his mother, along with twelve others, fled Cuba in November, 1999, on

a small boat, apparently intending to reach the state of Florida.  Elian's mother and the

twelve others tragically were lost at sea, but Elian miraculously survived the journey.

He was rescued by two fishermen who found him alone, clinging to a tire inner tube off

the coast of Florida.   Following a brief stay in a local hospital, Elian was placed in the

physical custody of Petitioner, his great-uncle, by  the Immigration and Naturalization

Service ("INS").

Thereafter, an application for admission to the United States, along with two

petitions for asylum were filed on Elian's behalf with the INS.  One petition was signed

---

[2]     The Republic of Cuba is not a state within the meaning of the Uniform Child
Custody Jurisdiction Act "UCCJA," which defines state as "any state, territory, or
possession of the United States; the Commonwealth of Puerto Rico; or the District of
Columbia." Fla. Stat. 61.1306(10).  However, Fla. Stat. 61.1348, which must be read
in conjunction with Fla. Stat. 61.1308(1)(d),  applies the general policies of the UCCJA
to the international area and provides that a decree of a foreign nation may be
recognized by Florida courts if the foreign tribunal accorded minimum due process to
all affected persons prior to entering the decree.  See  Kallman v. Kallman, 623 So. 2d
1213 (Fla. 3rd DCA 1993).

2

by Petitioner, and one was "signed" by Elian.

Following the filing of the application and petitions, INS interviewed Respondent and determined that he is Elian's biological father, and that as such, he has the right to represent Elian in all legal transactions. INS then withdrew Elian's application for admission to the United States at Respondent's request. INS did so based upon its determination that the request made by Respondent during interviews with INS representatives were in fact his "true wishes."

Additionally, INS determined that Petitioner did not have authority to act on behalf of Elian in immigration matters or to authorize representation in "direct opposition to the express wishes of the child's custodial parent." Based upon that determination, INS rejected the asylum petitions filed on Elian's behalf. Petitioner's counsel was advised by INS of its decisions in a letter dated January 5, 2000. INS then announced its intention to return Elian to Cuba by January 14, 2000.

Thereafter, on January 7, 2000, Petitioner filed a Verified Petition for Temporary Custody and Other Relief, along with a Verified Emergency Ex-Parte Petition for Interim Order, alleging that if Elian is returned to Cuba he faces the threat of mistreatment or abuse, including the loss of any due process rights he may have under United States immigration law, as well as harm to his physical and mental health and emotional well-being. Respondent was given telephonic notice of the filing of the Verified Emergency Ex-Parte Petition for Interim Order.

### CONCLUSIONS OF LAW

The threshold question before the Court is whether this Court has jurisdiction

over this matter. Petitioner attempts to invoke the Court's jurisdiction pursuant to Fla. Stat. §§ 61.1308(c) and (d). In support of his invocation of jurisdiction, Petitioner alleges that the threatened return of Elian to Cuba, and the ensuing harm if he is returned, creates an emergency which requires the Court to exercise its jurisdiction for Elian's protection. Additionally, Petitioner alleges that no other state would have jurisdiction under prerequisites substantially in accordance with Fla. Stat. §§ 61.1308(1)(a), (b), or (c) and that it is in Elian's best interest that this Court assume jurisdiction. The Court finds that the facts alleged by Petitioner establish a *prima facie* basis for this Court's assumption of jurisdiction of this matter under Fla. Stat. §§ 61.1308(1)(c) and (d).[3] Independent of the jurisdiction conferred under Fla. Stat. §§ 61.1308(1)(c) and (d), this Court clearly has limited jurisdiction to address the Petition for Interim Order. This Court is not powerless to act when confronted with a Petition, as the one pending before this Court, alleging that the minor child may be subject to serious and unnecessary emotional harm in returning the child to the custodial parent. Under compelling circumstances, recognized by Florida law, this Court may grant such temporary judicial relief as is necessary to protect the best interest of the child – this Court's primary concern. Based upon its independent review of Florida law, this Court is persuaded that is has the authority to grant emergency, ex-parte relief and that the relief requested by Petitioner should be granted.

---

[3] A final determination regarding this Court's jurisdiction to address the Verified Petition for Temporary Custody and Other Relief will be made following service of process and a full evidentiary hearing.

Under Florida law, where a Florida Court, even one which may otherwise lack jurisdiction over a visiting child, is presented with allegations of imminent harm or physical or emotional danger to a child, it is empowered, under the doctrine of *parens patriae*[4], to issue a temporary protective order which will preserve the status quo pending a full hearing on a petition to alter temporary or permanent custody. See Rohlfs v. Rohlfs, 666 So.2d 568 (Fla. 3d DCA 1996); Kennedy v. Kennedy, 559 So.2d 713 (Fla. 5th DCA 1990); Nelson v. Nelson, 433 So. 2d 1015, 1019 (Fla. 3rd DCA 1983); Sommer v. Sommer, 508 So. 2d 773 (Fla. 5th DCA 1987).

Here, the Petition for Interim Order, as well as in the Petition for Temporary Custody, contains sufficient verified allegations that, if emergency relief is not granted and Elian is returned to Cuba, he would be subjected to imminent and irreparable harm, including loss of due process rights and harm to his physical and mental health and emotional well-being. Those verified allegations and the limited factual record presented clearly confer upon this Court, at a minimum, limited jurisdiction to grant emergency temporary relief to preserve the status quo pending a full hearing on the Petition for Temporary Custody. Id. The Court finds that Petitioner has established a *prima facie* case that Elian may be subject to imminent harm if emergency relief is not granted. Accordingly, it is hereby

**ORDERED and ADJUDGED** as follows:

---

[1] "Parens patriae" refers traditionally to the role of the state as sovereign and guardian of persons under legal disability, such as juveniles or the insane, and in child custody determinations, when acting on behalf of the state to protect the interests of the child.

1.    The Court finds that Petitioner has established a *prima facie* case that Elian may be subject to imminent harm if temporary relief is not granted.

2.    The status quo shall be preserved until such time as a full hearing on the Verified Petition for Temporary Custody and Other Relief is held.

3.    The minor child, Elian Gonzalez, shall not be removed from this jurisdiction pending a full hearing on the Verified Petition for Temporary Custody and Other Relief.

4.    In furtherance of this Court's exercise of emergency authority and in order to effectuate the requirement's of this Court's Order,  Petitioner is granted such limited legal authority as is necessary to preserve the status quo and prevent the child's removal from this jurisdiction, including, but not limited to, the authority to assert and protect such rights as the child may have under United States immigration law and to retain counsel to assert and protect such rights.

5.    Pursuant to Fla. Stat. § 61.403, a guardian ad litem for the minor child shall be appointed by separate order, to act as next friend of the child, evaluator and investigator, with such powers, privileges and responsibilities as are necessary to advance the best interest of the child.

**DONE and ORDERED** in open Court at Miami, Miami-Dade County, Florida, this 10th day of January, 2000.

ROSA I. RODRIGUEZ
CIRCUIT JUDGE

STATE OF FLORIDA, COUNTY OF ...
...
... 1-10 ... 2000
... G. ... and County ...
Deputy Clerk ...
158)



**U.S. Department of Justice**
Immigration and Naturalization Service

Texas Service Center

4141 N. St. Augustine
*Mesquite, Texas 75185-1488*

January 13, 2000

Hackley, Bernstein & Osberg-Braun, P.L.
Attorneys at Law
Turnberry Plaza
2875 NE 191ˢᵗ Street, Penthouse 1B
Aventura, FL 33180

**ATTACHMENT / EXHIBIT D**

Dear Mr. Bernstein:

We have received the Form I-589, Application for Asylum and for Withholding of Removal that you have submitted on behalf of Elian Gonzalez. The application is signed by the child's great uncle, Lazaro Gonzalez, and you have included a copy of a Temporary Protective Order from the family division of a Florida circuit court purporting to grant Lazaro Gonzalez legal authority to act on Elian's behalf in immigration matters as is necessary to preserve the status quo.

As you know, the Commissioner has determined that the boy's father, Juan Gonzalez, has the sole legal authority to act on behalf of his son in immigration matters. This decision was reached after careful examination of the applicable U.S. and Cuban law concerning parental authority, the facts surrounding Juan Gonzalez's relationship with the child, the allegations that the father was under coercion, and all other available information, including information relating to a possible asylum claim. After a thorough review of all the relevant and available information, the Commissioner concluded that the father has the legal authority to speak on behalf of the child in immigration matters and that he is expressing his true wishes in wanting his son returned to him. The Commissioner further concluded that, because of his tender age, Elian lacks the capacity to assert a claim for asylum on his own. Finally, the Commissioner concluded that there is no divergence of interest between Juan Gonzalez and his son because the application submitted, and other relevant available information, failed to demonstrate an objective basis for a valid asylum claim. INS is aware of no new information that would affect those conclusions.

Juan Gonzalez has clearly stated to the INS that he does not want Elian to seek asylum and that he should be returned to Cuba. INS previously gave effect to the father's request when, last week, it permitted the withdrawal of Elian's application for admission and determined that it would not accept the asylum application that you attempted to file under Elian's signature.

Mr. Bernstein
Page 2 of 2

The new application, filed yesterday, is accompanied by a letter from you acknowledging that the information contained in this latest submission is the same as what you submitted last month. Thus, the only new factors in this case are Lazaro Gonzalez's signature on the new application and the Florida circuit judge's temporary protective order. The Commissioner has concluded that nothing in that order alters her determination that Juan Gonzalez has sole legal authority to speak for Elian on immigration matters, and that determination is ultimately one of federal immigration law. Thus, INS has determined that neither you nor Lazaro Gonzalez represents Elian before the INS. Accordingly, INS cannot accept the enclosed asylum application and I am returning it to you.

Sincerely,

James Burzenski
Director
Texas Service

# CIVIL COVER SHEET

## 00-0206

The JS-44 Civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initialing the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1(a)** PLAINTIFF(s), ELIAN GONZALEZ, a minor, by and through, LAZARO GONZALEZ, as next friend, or, alternatively, as temporary legal custodian,

**DEFENDANTS,** JANET RENO, Attorney General of the United States; DORIS MEISSNER, Commissioner, United States Immigration and Naturalization Service; ROBERT WALLIS, District Director, United States Immigration and Naturalization Service; UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; and UNITED STATES DEPARTMENT OF JUSTICE,

MAGISTRATE JUDGE
O'SULLIVAN

**CIV - KING**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DADE__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __DADE__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dade | 99cv206 | King| O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) LINDA OSBERG-BRAUN, ESQ., HACKLEY, BERNSTEIN & OSBERG-BRAUN, P.L., 2875 N.E. 191ST STREET, PH 1B, AVENTURA, FLORIDA 33180 and BARBARA LAGOA, ESQ., and JUDD J. GOLDBERG, ESQ., GREENBERG TRAURIG, P.A., 1221 BRICKELL AVENUE, MIAMI, FLORIDA 33131

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Complaint for injunctive relief and petition for issuance of writ of mandamus pursuant to the Fifth Amendment of the Constitution and 8 U.S.C. §1103(a) and 8 U.S.C. §1158(a).

**IVa.** __5__ Days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

### A CONTACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contact
- ☐ 195 Contract Product Liability

### A TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employer's Liability
- ☐ 340 Maine
- ☐ 345 Main Product Liability
- ☐ 360 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

### A TORTS (cont)
- ☐ 362 Personal Injury-Med. Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### B FORFEITURE PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety-Health
- ☐ 690 Other

### A LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

### A BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### B SOCIAL SECURITY
- ☐ 861 HIA (1395(f)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### A FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS Third Party 26 USC 7609

### A OTHER STATUS
- ☐ 400 States Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions* *A or B

### A REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease and Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### A CIVIL RIGHTS
- ☐ All Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### B PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General*
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other*
- ☐ 550 Civil Rights *A or B

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A ☐ under F.R.C.P. 23 CLASS ACTION

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 1/19/2000

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: RECEIPT NO. 815721  Amount: 150 00
Date Paid: 01/19/00  M/ifp: _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of difference states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases).

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Refiled. (4) Check this box for cases refiled in the district court. Attach copy of order.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.