# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 00-206-CIV-MOORE

ELIAN GONZALEZ, a minor, by and
through LAZARO GONZALEZ, as
next friend, or, alternatively, as
temporary legal custodian,

      Plaintiff,

vs.

**ORDER**

JANET RENO, Attorney General of the
United States; DORIS MEISSNER,
Commissioner, United States Immigration
and Naturalization Service; ROBERT
WALLIS, District Director, United States
Immigration and Naturalization Service;
UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE; and
UNITED STATES DEPARTMENT OF
JUSTICE,



FILED by _____ D.C.

JUN 2 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

      Defendants.

_____/

THIS CAUSE came before the Court upon Plaintiff's Emergency Motion for Relief from

Judgment and Application for Temporary Restraining Order and/or Preliminary Injunction, filed

June 28, 2000.

UPON CONSIDERATION of the Motion, response, and the pertinent portions of the

record, the Court enters the following Order.

Familiarity with the factual background of this case, as outlined in this Court's March 21,

2000 Order, Gonzalez ex rel. Gonzalez v. Reno, 86 F.Supp.2d 1167 (S.D.Fla. 2000), and the

United States Court of Appeals for the Eleventh Circuit's June 1, 2000 opinion, __ F.3d __, 2000

WL 701613 (11th Cir. June 1, 2000), is presumed. Today, Plaintiff has filed a motion, pursuant

to Rule 60(b) Fed.R.Civ.P., to set aside this Court's Order of dismissal.  Rule 60(b) provides that

a court may relieve a party from an order under narrow circumstances.  Plaintiff alleges newly

discovered evidence and fraud as the circumstances upon which Rule 60(b) relief is being sought.

Plaintiff has also accompanied the Rule 60(b) motion with a motion to enjoin the removal of

Elian Gonzalez from the United States until such time as this Court rules on the Rule 60(b)

motion.

The Court first considers Plaintiff's Motion for Relief from Judgment pursuant to Rule

60(b)[1].  Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's
> legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . (2) newly discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse
> party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(2), (3), and (6).  Plaintiff alleges that internal documentation recently

produced by the Immigration and Naturalization Service ("INS"), purportedly demonstrating that

"U.S. Government officials first determined to send Plaintiff back to Fidel Castro's Communist

Regime in Cuba, then set about determining how to achieve this result," (Motion for Relief From

Judgment at 1-2), constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2),

which "would produce a new outcome as it completely undercuts any basis for the deference that

this Court previously afforded to the INS," (Id. at 20), as well as proof of "fraud . . . of an

adverse party" within the ambit of Rule 60(b)(3).  (Id.).

---

[1]As Plaintiff correctly asserts, this Court has jurisdiction to consider Plaintiff's Rule
60(b) motion notwithstanding the prior-taken appeal.  See Standard Oil Co. of California v.
United States, 429 U.S. 17 (1976).

officials. After reviewing the record, the Court concludes that Plaintiff has not established that he is entitled to relief from the Order of dismissal under any of the asserted subsections of Rule 60(b). The Court is unpersuaded by Plaintiff's assertion that the documents produced by the INS demonstrate that the Commissioner's decision issued on January 5, 2000 was predetermined and, thus, not entitled to deference by this Court. These documents, as a whole, merely evince the extensive deliberations, discussions, and factual reviews that went into the decision of the INS prior to January 5, 2000, the date its decision actually issued. As part of its ongoing deliberative process prior to January 5, 2000, the INS reasonably and necessarily considered concerns and plans for effectuating its potential decision. There is nothing in the evidence suggesting that any preliminary finding made by the INS was not subject to revision prior to the issuance of its January 5, 2000 decision.

For these reasons, the Court finds that Plaintiff's motion for relief under Rule 60(b)(2) must be denied, as the asserted evidence is neither material nor such that would produce a new outcome or require the judgment to be amended. Taylor, 831 F.2d at 259. Similarly, Plaintiff's motion for relief under Rule 60(b)(3) must fail because Plaintiff's asserted evidence does not establish, by clear and convincing evidence, any fraud or misconduct of an adverse party, or that Plaintiff was in any way prevented from fully and fairly presenting his case. Scutieri, 808 F.2d at 794. Finally, the Court declines to exercise its discretion to grant relief under Rule 60(b)(6), as Plaintiff has provided no extraordinary circumstances warranting such relief.

## CONCLUSION

BASED UPON the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Emergency Motion for Relief from

Judgment is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Application for

Temporary Restraining Order and/or Preliminary Injunction is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of June, 2000.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     Larry Klayman
        Paul J. Orfanedes
        Kendall Coffey
        Linda Osberg-Braun
        Barbara Lagoa
        Judd J. Goldberg
        Eliot Pedrosa
        Spencer Eig
        Jose Garcia-Pedrosa
        Guy A. Lewis
        Dexter A. Lee
        David W. Ogden
        Patricia L. Maher
        Thomas W. Hussey
        David J. Kline
        William J. Howard
        Russell J.E. Verby
        John P. Moran